Kevin R. Lussier  (CA State Bar No. 143821), *klussier@cmlawfirm.com*
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
800 Wilshire Boulevard 15th Floor
Los Angeles, California 90017
Telephone: (213) 689-8500
Fax:  (213) 689-8501

Richard Lehv (*pro hac vice* application to be filed), *rlehv@fzlz.com*
Craig S. Mende (*pro hac vice* application to be filed), *cmende@fzlz.com*
Shelby Rokito (*pro hac vice* application to be filed), *srokito@fzlz.com*
 FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, NY 10036
Telephone: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | **Case No.: 2:21-cv-5145** |
| MARK ANTHONY INTERNATIONAL, S.r.l., | **COMPLAINT FOR:** |
| Plaintiff, | (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1); |
| v. | (2) Federal Unfair Competition, 15 U.S.C. § 1125(a); |
| M. CAITLIN MINGES and FUN CLUB LLC, a California Limited Liability Company, | (3) Federal Trademark Dilution, 15 U.S.C. § 1125(c); |
| Defendants. | (4) California Unfair Competition, Cal. Bus. & Prof. Code §§ 17200 |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Mark Anthony International, S.r.l. ("Plaintiff"), for its complaint against Defendants, M. Caitlin Minges and Fun Club LLC ("Defendants"), alleges as follows:

### Nature of the Action

1.      All of the claims asserted herein arise out of and are based on Defendants' willful infringement of Plaintiff's rights in its WHITE CLAW® and WHITE CLAW HARD SELTZER® trademarks and the distinctive WHITE CLAW® logo and trade dress (collectively, the "WHITE CLAW® Marks").

2.      Plaintiff launched the WHITE CLAW brand hard seltzer in 2016. Since then, it has had enormous success. It is the leading brand of hard seltzer in the United States, with over 50% market share in the calendar year 2020.

3.      Through widespread use and commercial success, the WHITE CLAW® Marks have become famous among purchasers and consumers of hard seltzer and represent Plaintiff and its goods exclusively.

4.      Plaintiff's WHITE CLAW logo is this:



5.      The trade dress of Plaintiff's WHITE CLAW hard seltzer cans is this:

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.



6.     Plaintiff owns federal trademark registrations issued by the United States Patent and Trademark Office ("USPTO") for its WHITE CLAW® Marks.

7.     Recently, Defendants have started using Plaintiff's WHITE CLAW trademarks and trade dress on and in connection with "can candles." Can candles are made from Plaintiff's WHITE CLAW hard seltzer cans (or copies of Plaintiff's cans). Defendants remove the top from the cans, insert wax and a wick in the empty cans, and then sell the can candles.

8.     Defendants' can candles look like this:



COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

9.     Consumers will falsely believe Plaintiff manufactured, authorized, sponsored, or endorsed Defendants' can candles, or is otherwise associated with them.

10.     Moreover, if an improperly labeled, insufficiently insulated, poorly designed, or defectively manufactured can candle bearing Plaintiff's WHITE CLAW® Marks without authorization were to burn a consumer – or, worse yet, cause a house fire threatening the lives of its inhabitants – all of the hard-earned goodwill built up by Plaintiff in its WHITE CLAW® Marks could be destroyed in an instant.

11.     In addition, Defendant M. Caitlin Minges has, without any authorization, applied to register WHITE CLAW CANDLES as a trademark in the USPTO.

12.     Accordingly, to protect the goodwill built up in its WHITE CLAW® Marks, and to protect others from Defendants' deceptive and potentially dangerous conduct, Plaintiff brings this action for infringement of federally-registered trademarks under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c); and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff seeks both injunctive and monetary relief.

## **The Parties**

13.     Plaintiff is a corporation organized and existing under the laws of Barbados, with an address at One Haggatt Hall, Saint Michael, Barbados 11059.

14.     Upon information and belief, Defendant M. Caitlin Minges is a citizen and resident of the State of California, who resides in Monrovia, California.

15.     Upon information and belief, Defendant Fun Club LLC is a California limited liability company located and doing business in Monrovia, California.

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

16.     Upon information and belief, Defendant M. Caitlin Minges owns and controls defendant Fun Club LLC and directly profits from its activities.

### Jurisdiction and Venue

17.     This Court has subject matter jurisdiction over the claims in this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

18.     The Court has personal jurisdiction over Defendants because Defendants are citizens and residents of California and Plaintiff's claims arise from or relate to Defendants' business activities in California.

19.     Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in and are directed to this District.

### Facts Common to All Claims

**A.     Plaintiff and its WHITE CLAW® Marks**

20.     As noted above, Plaintiff launched the WHITE CLAW brand of hard seltzer in 2016. Since then, it has had enormous success. It is the leading brand of hard seltzer, with over 50% market share in the calendar year 2020.

21.     Plaintiff's WHITE CLAW logo consists of a circular stylized design of three waves with two seagulls to the right of the middle wave. That design is surrounded by the words "WHITE CLAW HARD SELTZER" in a circular layout, with the words "WHITE CLAW" located on the top left and the words "HARD SELTZER" located on the bottom right in smaller font. A solid line surrounds half of the design in a semicircle around the words "HARD SELTZER."

22.     Plaintiff's WHITE CLAW trade dress (that is, the label design on its can) consists of the WHITE CLAW logo, described above, against a white background. Beneath it is a brushstroke and the flavor of the beverage; the color of

the brushstroke matches the flavor. Beneath the brushstroke is a circular presentation of calorie and alcohol content. Finally, the label states that the can contains "Spiked Sparkling Water with a hint of [flavor]."

23.     Through widespread use and commercial success, the WHITE CLAW® Marks have become famous among purchasers and consumers of hard seltzer and represent Plaintiff and its goods exclusively.

24.     In addition to Plaintiff's strong common law rights in the WHITE CLAW® Marks built up through extensive use and promotion in the United States, Plaintiff owns federal trademark registrations for the WHITE CLAW® Marks. Specifically, Plaintiff owns Registration No. 5226007 for the mark WHITE CLAW, issued on June 20, 2017 for "hard seltzer" as well as "Clothing, namely, shirts, sweatshirts, jackets; headwear"; Registration No. 5253798 for the mark WHITE CLAW HARD SELTZER and Design, issued on August 1, 2017 for "hard seltzer" among other goods; and Registration No. 6199056, issued on November 17, 2020 for the mark WHITE CLAW HARD SELTZER and Design for "Footwear; headwear; clothing, namely, shirts, sweatshirts, jackets."

25.     These registrations are valid, subsisting and in full effect, and serve as *prima facie* proof of Plaintiff's exclusive right to use the WHITE CLAW® Marks in connection with the goods and services identified therein, as provided by Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a). As a matter of law, these registrations serve to place Defendants on constructive notice of Plaintiff's rights in the WHITE CLAW® Marks, under 15 U.S.C. § 1072. Printouts from the official database of the USPTO showing status and title of Plaintiff's registrations for the WHITE CLAW® Marks are attached as **Exhibit 1**.

**B.     Defendants' Infringing Activity**

26.     As noted above, Defendants are using Plaintiff's WHITE CLAW trademarks and trade dress on and in connection with "can candles." Can candles are made from Plaintiff's WHITE CLAW hard seltzer cans (or copies of Plaintiff's

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

1   cans). Defendants remove the top from the cans, insert wax and a wick in the empty
2   can, and then sell the can candles.

3        27.    Defendants' infringing candles are potentially hazardous flammable
4   products. It is unclear whether the candles, which are not subject to Plaintiff's
5   quality control measures, have been manufactured in compliance with ASTM
6   International's candle safety and labeling standards adopted by the National Candle
7   Association, or any other safety rules and regulations.

8        28.    Upon information and belief, Defendants have been selling these
9   products to commercial customers at wholesale, in addition to selling them to their
10  own retail customers through their www.shopfunclub.com website.

11       29.    Plaintiff sent Defendants a cease and desist letter dated May 17, 2021,
12  but Defendants refused to stop their infringing activities.

13       30.    Instead, Defendant M. Caitlin Minges "doubled down" on her
14  infringement by applying on May 28, 2021, without any authorization, to register
15  the trademark WHITE CLAW CANDLES in the USPTO, under Application Ser.
16  No. 90742352, for "Candles; Candles and wicks for candles for lighting; Candles
17  comprised primarily of vintage cans of legally bought beverage cans, wax and
18  candle wicks; Candles for lighting; Perfumed candles; Scented candles; Tallow
19  candles; Tea light candles; Unity candles; Wicks for candles."

20       31.    Defendants are using Plaintiff's WHITE CLAW® Marks in their
21  original form without any attempt to change or modify them. They are even using
22  the ® symbol, even though the marks are not registered for candles.

23       32.    Defendants' goods offered under the WHITE CLAW® Marks are
24  advertised, promoted, and offered to the same consumers as are Plaintiff's goods.

25       33.    Defendants are not associated or affiliated with Plaintiff and have never
26  been licensed or otherwise authorized by Plaintiff to use WHITE CLAW® Marks,
27  or any trade names or trademarks confusingly similar thereto, in connection with
28  any goods or services.

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

34.    Upon information and belief, Defendants selected and have used Plaintiff's WHITE CLAW® Marks with actual and constructive knowledge of Plaintiff's ownership of and exclusive right to use WHITE CLAW® Marks and with the intent to trade off of the significant goodwill symbolized by and the industry recognition of the WHITE CLAW® Marks.

35.    Defendants commenced use of the WHITE CLAW® Marks after Plaintiff commenced use of the WHITE CLAW® Marks, after Plaintiff secured federal trademark registrations for the WHITE CLAW® Marks, and after Plaintiff developed substantial goodwill in the WHITE CLAW® Marks. Plaintiff therefore has priority.

36.    Upon information and belief, Defendants' conduct is intentional, willful and wanton.

**C.    Harm Caused by Defendants' Infringing Conduct**

37.    The goodwill that Plaintiff has built up in the WHITE CLAW® Marks is put at risk by Defendants' appropriation and use of the identical and confusingly similar marks. Defendants' unauthorized acts unfairly and unlawfully wrest from Plaintiff control over its WHITE CLAW® Marks and its reputation, particularly as Plaintiff has no control over the quality of Defendants' goods offered under the WHITE CLAW® Marks. As a result, Plaintiff's enormously valuable reputation is being irreparably damaged. If Defendants' conduct is not enjoined, it will continue to injure the value of Plaintiff's WHITE CLAW® Marks and the ability of those marks to indicate goods emanating from a single source, namely, Plaintiff.

38.    Moreover, Defendants' infringing activities are likely to cause economic harm, and may even cause physical harm and property damage, to consumers, in addition to causing confusion, mistake and deception.

39.    Defendants' infringing activities have caused and will continue to cause irreparable damage to the business and goodwill of Plaintiff unless permanently restrained by this Court.

40.    Plaintiff has no adequate remedy at law.

**Count I: Federal Trademark Infringement**

**15 U.S.C. § 1114(1)**

41.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42.    Plaintiff's rights in the federally registered WHITE CLAW® Marks developed prior to any use of those marks by Defendants.

43.    Defendants' marks are identical and confusingly similar to Plaintiff's registered WHITE CLAW® Marks in sight, sound, and commercial impression.

44.    Defendants' goods offered under the WHITE CLAW® Marks are related to the goods offered by Plaintiff under Plaintiff's WHITE CLAW® Marks and are the type of goods consumers would expect to be licensed or otherwise authorized by Plaintiff.

45.    Defendants' actions described above are likely to cause confusion and mistake and to deceive potential customers and the general public as to the source, origin and/or sponsorship of Defendants' goods, and are likely to deceive the public into believing that such goods are made, authorized, endorsed or sponsored by Plaintiff, or otherwise associated with Plaintiff, thereby damaging Plaintiff's reputation, goodwill and sales.

46.    Defendants' actions described above are likely to cause consumers to be deceived into believing that there is some association between Plaintiff and Defendants.

47.    Upon information and belief, Defendants' conduct is willful, deliberate and in bad faith, and undertaken with full knowledge that Defendants have no right, license or authority to use Plaintiff's registered WHITE CLAW® Marks or any trade name or mark confusingly similar thereto.

48.    Defendants' unauthorized use of Defendants' WHITE CLAW® Marks is intended to reap the benefit of the goodwill that Plaintiff has developed in

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

Plaintiff's registered WHITE CLAW® Marks and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.    Defendants' aforesaid conduct has caused and is causing irreparable injury to Plaintiff, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

### Count II: Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

50.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 above as if fully set forth herein.

51.    Plaintiff's rights in its WHITE CLAW® Marks developed long prior to any use of those marks by Defendants.

52.    Defendants' alleged marks are identical and confusingly similar to Plaintiff's WHITE CLAW® Marks in sight, sound, and commercial impression.

53.    Defendants' goods offered under the WHITE CLAW® Marks are related to the goods offered by Plaintiff under the WHITE CLAW® Marks and are the type of goods consumers would expect to be licensed or otherwise authorized by Plaintiff.

54.    Defendants' conduct is likely to cause confusion or to cause mistake or to deceive consumers and the public as to the affiliation, connection or association between Defendants and Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods.

55.    Defendants' unauthorized use of the WHITE CLAW® Marks falsely and misleadingly represents Defendants as being legitimately connected with and/or authorized by Plaintiff, and places beyond Plaintiff's control its own reputation and goodwill.

56.    Upon information and belief, Defendants' conduct is willful, deliberate and in bad faith, and undertaken with full knowledge that Defendants have no right,

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

license or authority to use any mark confusingly similar to Plaintiff's WHITE CLAW® Marks.

57.    As a result of the foregoing, Defendants have falsely designated the origin of their services offered under the WHITE CLAW® Marks and have engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

58.    Defendants' aforesaid conduct has caused and is causing irreparable injury to Plaintiff and the public, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

### Count III: Trademark Dilution
### Under 15 U.S.C. § 1125(c)

59.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 above as if fully set forth herein.

60.    Plaintiff's WHITE CLAW® Marks are famous and distinctive, inherently or through acquired distinctiveness.

61.    After Plaintiff's WHITE CLAW® Marks became famous, Defendants commenced use of the exact same marks in commerce.

62.    Defendants' use of the WHITE CLAW® Marks is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiff's famous marks.

63.    Upon information and belief, Defendants willfully intended to trade on the recognition of Plaintiff's famous marks.

64.    Upon information and belief, Defendants willfully intended to harm the reputation of Plaintiff's famous marks.

65.    Defendants' aforesaid conduct has caused and is causing irreparable injury to Plaintiff and the public, and, unless enjoined by this Court, will continue both to damage Plaintiff and to deceive the public. Plaintiff has no adequate remedy at law.

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

## Count III: California Unfair Competition
## <u>Under Cal. Bus. & Prof. Code §§ 17200 *et seq*.</u>

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 above as if fully set forth herein.

67. The aforesaid conduct of Defendants—trademark infringement and false designation of origin—constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

68. Defendants' conduct is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Entering judgment for Plaintiff on each of its claims.

2. Directing that Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with them, be immediately and permanently enjoined from:

    (a) infringing Plaintiff's WHITE CLAW® Marks;

    (b) falsely designating the origin, sponsorship, or affiliation of its business or goods;

    (c) using Plaintiff's WHITE CLAW® Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto (collectively, "Prohibited Marks"), in connection with the promotion, marketing, and offering of any goods or services;

    (d) seeking to register any of the Prohibited Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto, and be directed to withdraw Application Ser. No. 90742352 with prejudice;

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

(e)  Purchasing, acquiring, or using any domain name, social media handle, internet advertising keyword, internet address, or other online designation, address, or identifier that incorporates any of the Prohibited Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto;

(f)  making or employing any other commercial use of any of the Prohibited Marks;

(g)  making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods or services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, or authorized by or otherwise connected with Plaintiff;

(h)  using any other false designation of origin or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' business or goods or services are in any way sponsored, licensed, endorsed or authorized by, or affiliated or connected with Plaintiff;

(i)  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, investors or government institutions into believing that the goods promoted or offered by Defendants emanate from or originate with Plaintiff, or are somehow sponsored, licensed, endorsed or authorized by or affiliated or connected with Plaintiff;

(j)  engaging in any other activity constituting unfair competition with Plaintiff or trademark dilution; and

(k)  aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j) above.

-13-

3.      Directing that Defendants deliver up to Plaintiff's attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in their possession or under their control incorporating, featuring or bearing the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

4.      Directing that Defendants transfer or cause to be transferred to Plaintiff any domain names owned by Defendants that incorporate any of the Prohibited Marks, and execute all necessary documents to effectuate such transfer(s).

5.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

6.      Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement, unfair competition, and trademark dilution, and that such sums be trebled pursuant to 15 U.S.C. § 1117.

7.      Awarding Plaintiff all damages, including Defendants' profits, that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

8.      Awarding Plaintiff all other recoverable gains, profits, property, and advantages derived by Defendants from their unlawful conduct.

9.      Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

10.      Awarding Plaintiff interest, including pre-judgment interest on the foregoing sums.

11.      Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

Dated:  June 24, 2021

Respectfully submitted,


By:  /s/ *Kevin R. Lussier*
Kevin R. Lussier
(*klussier@cmlawfirm.com*)
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
800 Wilshire Boulevard 15th Floor
Los Angeles, California  90017
Telephone: (213) 689-8500
-and-
Richard Z. Lehv
(*pro hac vice* application to be filed)
Craig S. Mende
(*pro hac vice* application to be filed)
Shelby Rokito
(*pro hac vice* application to be filed)
FROSS ZELNICK
LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
*Attorneys for Plaintiff*

-15-

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.

1

## **DEMAND FOR JURY TRIAL**

Plaintiff MARK ANTHONY INTERNATIONAL, S.r.l. hereby demands trial by jury in this action.

Dated:  June 24, 2021

Respectfully submitted,

By:  /s/ *Kevin R. Lussier*
Kevin R. Lussier
(klussier@cmlawfirm.com)
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
800 Wilshire Boulevard 15th Floor
Los Angeles, California  90017
Telephone: (213) 689-8500
Facsimile: (213) 689-8501
                                        -and-

Richard Z. Lehv
(*pro hac vice* application to be filed)
Craig S. Mende
(*pro hac vice* application to be filed)
Shelby Rokito
(*pro hac vice* application to be filed)
FROSS ZELNICK
LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Plaintiff*

COMPLAINT BY PLAINTIFF MARK ANTHONY INTERNATIONAL, S.r.l.