1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8         CENTRAL DISTRICT OF CALIFORNIA
9                              )Case No. **CV 21-5145-JFW(JCx)**
   Mark Anthony International,  )
10 S.r.l.,                     )**STANDING ORDER**
                               )
11          Plaintiff,         )
                               )
12      v.                     )
                               )
13 M. Caitlin Minges, et al.,  )
                               )
14          Defendants.

15      **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

16 **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

17      This action has been assigned to the calendar of Judge

18 John F. Walter.  Both the Court and counsel[1] bear

19 responsibility for the progress of litigation in Federal

20 Court.  To secure the just, speedy, and inexpensive

21 determination of every action, all counsel are ordered to

22 familiarize themselves with the Federal Rules of Civil

23 Procedure, the Local Rules of the Central District of

24 California, the General Orders of the Central District and

25 the Judge's Procedures and Schedules found on the website

26

27 ─────────────────

28      [1]Any reference in the Court's Standing Order (or any
   other court order) to "counsel" or "attorney" applies to
   parties appearing pro se unless the context requires
   otherwise.

for the United States District Court for the Central District
of California (www.cacd.uscourts.gov).

**1.  Service of the Complaint:**

The plaintiff shall promptly serve the Complaint in
accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of
service pursuant to the Local Rules.  **The plaintiff is hereby
notified that failure to serve the Complaint as required by
Fed.R.Civ.P. 4(m) will result in the dismissal of the
Complaint against the unserved defendant(s).**

**2.  Presence of Lead Counsel:**

Lead trial counsel shall attend all proceedings before
this Court and all Local Rule 7-3, scheduling, status, and
settlement conferences.  Only <u>ONE</u> attorney for a party may be
designated as lead trial counsel unless otherwise permitted
by the Court.

**3.  Electronic Filing and Courtesy Copies:**

(a) Within ten days of a party's initial appearance, lead
trial counsel shall file a declaration entitled, "Declaration
of Lead Trial Counsel" which shall: (1) notify the Court that
counsel has registered as an "CM/ECF User;" (2) include lead
counsel's "E-Mail Address of Record;" and (3) confirm that
lead counsel has read the Court's Standing Order and the
Local Rules.

(b) All documents that are required to be filed in an
electronic format pursuant to the Local Rules shall be filed
electronically no later than 4:00 p.m. on the date due unless
otherwise ordered by the Court.  Any documents filed
electronically after 4:00 p.m. on the date due will be

considered late and may be stricken by the Court.  All documents filed electronically shall be filed in accordance with the Local Rule 5-4.  Each PDF file shall contain no more than one document or exhibit, *see* Local Rule 5-4.3.1, and each document or exhibit shall be meaningfully described on the docket such that the document or exhibit can be easily identified.  For example, if a declaration in support of a motion appears as Docket No. 30, exhibit 1 to the declaration should be filed as Docket No. 30-1 with a description of the exhibit that includes the title of the exhibit and the exhibit number (e.g., Exhibit 1: Letter from John Doe to Jane Doe dated January 1, 2021).  Exhibit 2 to the declaration should be filed as Docket No. 30-2 with a description of the exhibit which includes the title of the exhibit and exhibit number (Exhibit 2: Letter from Jane Doe to John Doe dated January 2, 2021), and so on.  Any documents which counsel attempt to file electronically which are improperly filed will not be accepted by the Court.

(c) Counsel are ORDERED to deliver **2 copies** of all documents filed electronically in this action to Chambers**.** For each document filed electronically, one copy shall be marked "CHAMBERS COPY" and the other copy shall be marked "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are collectively referred to herein as "Courtesy Copies." The Courtesy Copies of each electronically filed document must include on each page the running header created by the ECF system.  In addition, on the first page of each Courtesy Copy, in the space between lines 1 - 7 to the right of the

center, counsel shall include the date the document was e-filed and the document number. The Courtesy Copies shall be single-sided and shall <u>not</u> be blue-backed. All documents must be stapled only in the top left-hand corner, the electronic proof of service must be attached as the last page of each document, and the exhibits attached to any document must be tabbed.  Counsel shall not staple the "COURTESY COPY" and "CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS COPY" of all documents must be three-hole punched at the left margin with oversized 13/32" hole size, not the standard 9/32" hole size.  If evidence attached to a document exceeds twenty-five pages, the Courtesy Copies of the evidence shall be placed in separately bound volumes and include a Table of Contents.  If such evidence exceeds fifty pages, the Courtesy Copies of such evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side. All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  The binder shall include a Table of Contents and the spine of the binder shall be labeled with its contents.

     The Courtesy Copies shall be delivered to Chambers no later than 10:00 a.m. on the next business day after the document was electronically filed.

     (d) For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed copy of the document, which shall be marked "COURTESY COPY," to Chambers **at the time of filing**. For any document or

1 exhibit that is not required to be filed electronically,
2 counsel shall retain a copy of that document or exhibit until
3 all appeals have been exhausted.

4     (e)  If the Court has granted an application to file
5 documents under seal, the Court's Courtesy Copies shall
6 include a complete version of the documents including any
7 sealed documents. Each document that has been filed under
8 seal shall include a notation identifying that the document
9 has been filed under seal, and shall be highlighted to show
10 the portion of the document that has been redacted. For
11 example, if the Court orders Ex. A to a Declaration filed
12 under seal, the Court's Courtesy Copies of the Declaration
13 should include Ex. A as an attachment with a notation that it
14 has been filed under seal pursuant to the Court's order and
15 any redactions shall be highlighted.

16     (f)  In the unlikely event counsel finds it necessary to
17 file a Notice of Errata: (1) the Notice of Errata shall
18 specifically identify each error by page and line number and
19 set forth the correction; and (2) a corrected version of the
20 document in its entirety shall be attached to the Notice of
21 Errata.

22     (g) When a proposed order or other proposed document
23 accompanies an electronic filing, the proposed order or other
24 proposed document shall be in PDF format and included, as an
25 attachment, with the main electronically filed document
26 (e.g., stipulations, applications, motions).  Proposed orders
27 or other proposed documents (such as a proposed judgment)
28 that are not lodged with a main document shall be

electronically lodged as an attachment to a Notice of
Lodging; if the proposed document is being submitted in
response to a court order, the filer shall link the Notice of
Lodging to that court order.

After a document requiring a judge's signature has been
lodged, a WordPerfect or Microsoft Word copy of the proposed
document, along with a PDF copy of the electronically filed
main document, <u>MUST</u> be emailed to the chambers email address,
<u>EITHER</u> by using the "Proposed Orders" link within the CM/ECF
System <u>OR</u> by sending a separate email with the subject line
in the following format: Court's divisional office, year,
case type, case number, document control number assigned to
the main document at the time of filing, judge's initials,
and filer (party) type and name (e.g., for Los Angeles:
LA08CV00123-6-ABC-Defendant). **Do not submit the proposed
order twice**. Failure to comply with this requirement may
result in the denial or striking of the request or the Court
may withhold ruling on the request until the Court receives
the required documents.

**4.   <u>Discovery</u>:**

(a) All discovery matters have been referred to a United
States Magistrate Judge. (The Magistrate Judge's initials
follow the Judge's initials next to the case number.)  All
discovery documents must include the words "DISCOVERY MATTER"
in the caption to ensure proper routing.  Counsel are
directed to contact the Magistrate Judge's Courtroom Deputy
to schedule matters for hearing.

All decisions of the Magistrate Judge shall be final, subject to modification by the District Court only where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within fourteen calendar days of service of a written ruling or within fourteen calendar days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with a memorandum of points and authorities.  Counsel shall deliver a courtesy copy of the moving papers and responses to the Magistrate Judge.

(b) Counsel shall begin to actively conduct discovery before the Fed.R.Civ.P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.  If the action is a putative class action, the parties shall begin to conduct discovery immediately, so that the Motion for Class Certification can be timely filed.

**5.  Motions:**

**(a) Time for Filing and Hearing Motions:**

Motions shall be filed in accordance with the Local Rules.  This Court hears motions on **Mondays commencing at 1:30 p.m.**  Once a party has noticed a motion for hearing on a particular date, the hearing shall not be continued without leave of Court.  No supplemental briefs shall be filed

without leave of Court.  Courtesy Copies shall be provided to the Court in accordance with paragraph 3 of this Order.  No motion shall be noticed for hearing for more than 35 calendar days after service of the motion unless otherwise ordered by the Court.  Documents not filed in compliance with the Court's requirements will be stricken and will not be considered by the Court.

**(b) Local Rule 7-3:**

Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference to discuss thoroughly the substance of the contemplated motion and any potential resolution.  Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.

Many motions to dismiss or to strike could be avoided if the parties confer in good faith especially for perceived defects in a Complaint, Answer, or Counterclaim which could be corrected by amendment.  *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the Complaint could not be saved by any amendment).  The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require counsel for the plaintiff to carefully evaluate the defendant's contentions as to the

1   deficiencies in the Complaint, and in most instances, the
2   moving party should agree to any amendment that would cure a
3   curable defect.  Counsel should, at the very least, resolve
4   minor procedural or other non-substantive matters during the
5   conference.

6       All 7-3 conferences shall be conducted **in person** by lead
7   counsel.  If lead counsel are not located in the same county
8   in the Central District of California, the conference may
9   take place via video (letters and e-mail do not constitute a
10  proper 7-3 conference).  The pro se status of one or more
11  parties does not excuse compliance with Local Rule 7-3.

12      Notwithstanding the exemption for preliminary injunction
13  motions in Local Rule 7-3, counsel contemplating filing a
14  preliminary injunction motion shall comply with Local Rule 7-
15  3 and meet and confer **in person** at least five days prior to
16  the filing of such a motion.

17      Not more than three days after the 7-3 conference for any
18  contemplated motion, counsel shall file a joint statement
19  indicating the date of, duration of, and method of
20  communication used during the conference and the participants
21  in the conference.  In addition, the joint statement shall
22  detail the issues discussed and resolved during the
23  conference and the issues remaining.  Failure to strictly
24  comply with the Court's requirements or Local Rule 7-3 will
25  result in the striking and/or the denial of the motion.

26      **(c) Length and Format of Motion Papers:**

27      **Memoranda of Points and Authorities in support of or in**
28  **opposition to motions shall not exceed 25 pages.  Replies**

**shall not exceed 12 pages.**  Only in rare instances and for
good cause shown will the Court grant an application to
extend these page limitations.  Courtesy Copies of all
evidence in support of or in opposition to a motion,
including declarations and exhibits to declarations, shall be
separated by a tab divider on the bottom of the page.  If
evidence in support of or in opposition to a motion exceeds
twenty-five pages, the Courtesy Copies of the evidence shall
be placed in separately bound volumes and include a Table of
Contents.  If such evidence exceeds fifty pages, the Courtesy
Copies of such evidence shall be placed in a slant D-ring
binder with each item of evidence separated by a tab divider
on the right side.  All documents contained in the binder
must be three hole punched with the oversized 13/32" hole
size, not the standard 9/32" hole size.  The binder shall
include a Table of Contents and the spine of the binder shall
be labeled with its contents.

    **Typeface shall comply with the Local Rules. NOTE: If
Times Roman is used, the font size must be no less than 14;
if Courier is used, the font size must be no less than 12.**
Footnotes shall be in the same typeface and font size as the
text and shall be used sparingly.

    Documents which do not conform to the Local Rules and
this Order will not be considered.

    **(d) Citations to Case Law:**

    Citations to case law **must** identify not only the case
being cited, but the specific page referenced. In the event
it is necessary to cite to Westlaw or Lexis, the Court

prefers that counsel cite to Westlaw.  Hyperlinks to case
citations must be included.

**(e) Citations to Other Sources:**

Statutory references should identify, with specificity,
which sections and subsections are being referenced (*e.g.*,
Jurisdiction over this claim for relief may appropriately be
found in 47 U.S.C. § 33, which grants the district courts
jurisdiction over all offenses of the Submarine Cable Act,
whether the infraction occurred within the territorial waters
of the United States or on board a vessel of the United
States outside said waters).  Statutory references which do
not specifically indicate the appropriate section and
subsection (*e.g.*, Plaintiffs allege conduct in violation of
the Federal Electronic Communication Privacy Act, 18 U.S.C. §
2511, *et seq.*) are to be **avoided**.  Citations to treatises,
manuals, and other materials should similarly include the
volume and the section referenced.

**(f) Proposed Statement of Decision**

Not more than two days after the deadline for filing the
Reply, each party shall lodge a Proposed Statement of
Decision, which shall contain a statement of the relevant
facts and applicable law with citations to case law and the
record.  The Proposed Statement of Decision shall not exceed
fifteen pages and shall be in a form that would be
appropriate for the Court to enter as its final order on the
motion.  The Proposed Statement of Decision shall be
submitted to the Court in accordance with the Local Rules and
shall be e-mailed in WordPerfect or Word format to the

Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(g) Opposing Papers**

Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition.  If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.**

**(h)  Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of the amendment; and (2) state the page, line number(s), and wording of any proposed change or addition of material.

In the event the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court.  If no time period is specified by the Court, the

1  plaintiff shall file an amended complaint within fourteen
2  calendar days of the date of the order granting the plaintiff
3  leave to file an amended complaint.  Failure to file an
4  amended complaint within the time allotted will result in the
5  dismissal of the action with prejudice.

6       **(i) Motions for Class Certification**

7       Motions for Class Certification shall be filed within 120
8  days after service of a pleading purporting to commence a
9  class action (or if applicable 120 days after service of the
10 Notice of Removal), unless otherwise ordered by the Court.
11 Failure to timely file a Motion for Class Certification will
12 result in the striking of the class allegations from the
13 operative pleading.

14 **6.   Ex Parte Applications:**

15      Ex parte applications are solely for extraordinary
16 relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*,
17 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
18 conform with the Local Rules, including a statement of
19 opposing counsel's position, will not be considered.   In
20 addition to electronic service, the moving party shall
21 immediately serve the opposing party by fax or hand service
22 and shall notify the opposing party that any opposition must
23 be filed not later than twenty-four hours after the filing of
24 the ex parte application.  If counsel does not intend to
25 oppose the ex parte application, counsel shall immediately
26 inform the Courtroom Deputy by e-mail and immediately file a
27 Notice of Non-Opposition.  The Court considers ex parte
28 applications on the papers and usually does not set the

matters for hearing.  Courtesy Copies of all moving, opposition, or non-opposition papers shall be provided to the Court in accordance with paragraph 3 of this Order.  The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7.   Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date:**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.  Any application or stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a)  the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order.  The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

**8.   <u>Temporary Restraining Orders and Injunctions</u>:**

   **(a)  Documentation Required:**

   Parties seeking emergency or provisional relief shall
comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte
application for a temporary restraining order must be
accompanied by:  (1) a copy of the complaint; (2) a separate
memorandum of points and authorities in support of the
application; (3) the proposed temporary restraining order and
a proposed order to show cause why a preliminary injunction
should not issue; and (4) such other documents in support of
the application which the party wishes the Court to consider.
Courtesy Copies of these documents shall be immediately
delivered to Chambers.

   **(b)  Notice of Ex Parte Applications:**

   Unless relieved by order of the Court for good cause
shown, on or before the day counsel files an ex parte
application for a temporary restraining order, counsel must
personally serve notice and all documents in support of the
ex parte application and a copy of the Court's Standing Order
on opposing counsel or party.  Counsel shall also notify the
opposing party that any opposition must be filed no later
than twenty-four hours after the service of the ex parte
application.  Counsel shall immediately file a Proof of
Service.

   If counsel does not intend to oppose the ex parte
application, counsel shall immediately inform the Courtroom
Deputy by e-mail and immediately file a Notice of Non-
Opposition.  The Court considers ex parte applications on the

1  papers and usually does not set the matter for hearing.

2  Courtesy Copies of all moving, opposition, or non-opposition

3  papers shall be provided to the Court in accordance with

4  paragraph 3 of this Order.  The Courtroom Deputy will notify

5  counsel of the Court's ruling or a hearing date and time, if

6  the Court determines a hearing is necessary.

7  **9.   Proposed Protective Orders and Filings Under Seal:**

8       Protective orders pertaining to discovery must be

9  submitted to the assigned Magistrate Judge.  Proposed

10 protective orders should not purport to allow, without

11 further order of Court, the filing under seal of pleadings or

12 documents filed in connection with a hearing or trial before

13 the Court.  The existence of a protective order does not

14 alone justify the filing of pleadings or other documents

15 under seal, in whole or in part.

16      An application to file documents under seal must meet the

17 requirements of the Local Rules and shall be limited to three

18 documents by a party, unless otherwise ordered by the Court.

19 The application to file documents under seal should not be

20 filed under seal.  There is a strong presumption of the

21 public's right of access to judicial proceedings and records

22 in civil cases.  In order to overcome the presumption in

23 favor of access, the movant must demonstrate compelling

24 reasons (as opposed to good cause) for the sealing if the

25 sealing is requested in connection with a dispositive motion

26 or trial, and the relief sought shall be narrowly tailored to

27 serve the specific interest sought to be protected.  *Pintos*

28

*v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010), *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

For each document or other type of information sought to be filed under seal, the party seeking protection must articulate compelling reasons supported by specific facts or legal justification that the document or type of information should be protected. The facts supporting the application to file documents under seal must be provided by a declaration. The declaration shall attach an unredacted copy of each document to be filed under seal. The parties are ordered to highlight the portion of the document containing counsel's proposed redactions. Documents that are not confidential or privileged in their entirety will not be filed under seal if the confidential portions can be redacted and filed separately. The declarations in support of the application to file documents under seal shall include an explanation of why redaction is not feasible.

If the parties anticipate requesting the Court to file more than three documents under seal in connection with any motion, they shall identify all such documents that will be required to support and oppose the motion during the Local Rule 7-3 conference. The parties shall then meet and confer in order to determine if the documents satisfy the "compelling need" standard for "sealing" each document. Thereafter, the parties shall file a joint application and lodge a proposed order to file under seal all such documents

1  with the required showing as to each document.  The joint
2  application shall be filed promptly so that the Court may
3  rule on the application before the filing date for the
4  motion.  The parties shall not file any pleadings containing
5  documents they have requested the Court to file under seal
6  until the Court acts on the application to file under seal.
7      If a party wishes to file a document that has been
8  designated confidential by another party, the submitting
9  party must give any designating party five calendar days
10  notice of intent to file.  If the designating party objects,
11  it should notify the submitting party and file an application
12  to file documents under seal within two court days.
13      If an application to file documents under seal is denied
14  in part or in full, the lodged documents will not be filed.
15  The Courtroom Deputy will notify the submitting party, and
16  hold the lodged documents for three court days to allow the
17  submitting party to retrieve the documents.  If the documents
18  are not retrieved, the Courtroom Deputy will dispose of the
19  documents.
20      If the Court grants an application to file documents
21  under seal, the parties shall file within two days of the
22  Court's Order a complete version of the documents under seal
23  and a redacted version for public viewing (omitting only such
24  portions as the Court has ordered to be filed under seal).
25  The Court's Courtesy Copies of all documents filed under seal
26  shall include a complete version of the documents with a
27  notation identifying that the document has been filed under
28  seal and shall be highlighted to show the portion of the

document that has been redacted. Should counsel fail to file
the under seal version and redacted version of the documents,
the Court will strike any motion that relies on or relates to
those documents and/or file those documents in the public
record.

**10.** **Cases Removed From State Court:**

All documents filed in state court, including documents
attached to the Complaint, Answer(s), and Motion(s), must be
re-filed in this Court as a separate supplement to the Notice
of Removal.  The Courtesy Copies of the supplement must be in
a separately bound volume and shall include a Table of
Contents.  If the defendant has not yet answered or moved,
the Answer or responsive pleading filed in this Court must
comply with the Federal Rules of Civil Procedure and the
Local Rules of the Central District.  If before the case was
removed a motion was pending in state court, it must be re-
noticed in accordance with the Local Rules.

**11.** **Actions Transferred From Another District**

Counsel shall file, within ten days of transfer, a Joint
Report summarizing the status of the action which shall
include a description of all motions filed in the action and
the transferor court's ruling on the motions.  In addition,
counsel shall deliver (but not file) one courtesy copy to
Chambers of each document on the docket of the transferor
court.  On the first page of each courtesy copy, in the space
between lines 1 - 7, to the right of the center, counsel
shall include the date the document was filed and the
document number.  The courtesy copies shall be placed in a

slant D-ring binder in chronological order with each document separated by a tab divider on the right side.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size. The binder shall include a Table of Contents and the spine of each binder shall be labeled with its contents.  The courtesy copies shall be delivered to Chambers within ten days of the transfer.

**12.  <u>Status of Fictitiously Named Defendants</u>:**

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the Complaint:

(a) Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 90 days of the date that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court.  Such application shall state the reasons therefore, and will be granted only upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may respond within seven calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and

counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff shall file an ex parte application requesting such amendment, with notice to all appearing parties.  Each party shall have seven calendar days to respond.  The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party.

**13.  Bankruptcy Appeals:**

Counsel shall comply with the Notice Regarding Appeal From Bankruptcy Court issued at the time the appeal is filed in the District Court.  Counsel are ordered to notify the Court in a joint report if the Certificate of Readiness has not been prepared by the Clerk of the Bankruptcy Court and submitted to the Clerk of the District Court within 90 days of the date of this Order.

The matter is considered submitted upon the filing of the final brief.  No oral argument is held unless ordered by the Court.

**14.  Communications with Chambers:**

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy at shannon_reilly@cacd.uscourts.gov with appropriate inquiries after reviewing the Federal Rules of Civil Procedure, the

1  Local Rules, and this Court's Orders.  To facilitate
2  communication with the Courtroom Deputy, counsel should list
3  their facsimile transmission numbers and e-mail addresses
4  along with their telephone numbers on all papers.

5  **15.  Notice of This Order:**

6      Counsel for plaintiff shall immediately serve this Order
7  on all parties, including any new parties to the action.  If
8  this case came to the Court by noticed removal, defendant
9  shall serve this Order on all other parties.

10     **Caveat:  If counsel fail to cooperate in the preparation**
11 **of the required Joint Rule 26 Report or fail to file the**
12 **required Joint Rule 26 Report, or if counsel fail to appear**
13 **at the Scheduling Conference, the Pre-Trial Conference and/or**
14 **any other proceeding scheduled by the Court, and such failure**
15 **is not otherwise satisfactorily explained to the Court: (a)**
16 **the cause shall stand dismissed for failure to prosecute, if**
17 **such failure occurs on the part of the plaintiff; (b) default**
18 **judgment shall be entered if such failure occurs on the part**
19 **of the defendant; or (c) the Court may take such action as it**
20 **deems appropriate.**

22     IT IS SO ORDERED.

24 DATED:   June 25, 2021

                                    JOHN F. WALTER
                            UNITED STATES DISTRICT JUDGE